IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

LARRY NORMAN                                                                         MOVANT

v.                                                                        No. 2:08CR86-SA-DAS

UNITED STATES OF AMERICA                                                      RESPONDENT

MEMORANDUM OPINION

This matter comes before the court on the motion of Larry Norman to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has responded to the motion; Mr. Norman has replied, and the matter is ripe for resolution. For the reasons set forth below, the instant motion to vacate, set aside, or correct sentence will be denied.

*Habeas Corpus Relief Under 28 U.S.C. § 2255*

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since been codified:

> The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the 1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996,

when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id*.

*Section 2255 Proceedings*

Section 28 U.S.C. § 2255 permits an inmate serving a sentence after conviction of a federal crime "to move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). As with the writ of *habeas corpus*, *see* 28 U.S.C. §§ 2241, 2254, a § 2255 motion sets forth only four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Thus, a prisoner must claim either a constitutional violation or want of subject matter jurisdiction to invoke 28 U.S.C. § 2255. In the absence of constitutional or jurisdictional defects, a federal prisoner may invoke § 2255 only if the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979).

The district court must first conduct a preliminary review of a section 2255 motion, and "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceeding that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the Government to file a response or to take other appropriate action. *Id.* The judge may then require the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. *Rules Governing Section 2255 Proceedings,* Rules 6–7.

After reviewing the government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must decide whether an evidentiary hearing is warranted. *Rules Governing Section 2255 Proceedings,* Rule 8. Under the statute, an evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). However, the court need not hold an evidentiary hearing if the prisoner fails to produce "independent indicia of the likely merit of [his] allegations." *United States v. Edwards,* 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *See Wright v. United States,* 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *See Burgess v. Dretke,* 350 F.3d 461, 472 (5th Cir. 2003). For other errors at the trial court level, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Brecht v. Abrahmson,* 507 U.S. 619, 637 (1993); *see also United States v. Chavez,* 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht's* harmless error standard in a § 2255 proceeding). If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

*Facts and Procedural Posture*

Larry Norman was charged in a four-count indictment:

COUNT ONE

On or about June 13, 2008, in the Northern District of Mississippi, LARRY NORMAN did take by force and violence and by intimidation from the person and presence of a bank employee approximately $10,000, belonging to and in the care, custody and

control of Merchants and Farmers Bank, 1287 Stateline Road, Southaven, DeSoto County, Mississippi, whose deposits were then insured by the Federal Deposit Insurance Corporation, and in committing said bank robbery did put in jeopardy the life of the bank employee by means of a dangerous weapon, that is a handgun; in violation of Title 18 of the United States Code Sections 2113(a) and (d).

COUNT TWO

On or about June 13, 2008, in the Northern District of Mississippi, LARRY NORMAN, defendant, during and in relation to and in the furtherance of a crime of violence, to-wit, the armed bank robbery of the Merchants and Farmers Bank, 1287 Stateline Road, Southaven, DeSoto County, Mississippi, did possess, carry, use, and brandish a firearm, that is, a handgun; in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii) and (iii).

COUNT THREE

On or about June 25, 2008, in the Northern District of Mississippi, LARRY NORMAN, defendant, did take by force and violence and by intimidation from the person and presence of a bank employee approximately $7,600 belonging to and in the care, custody and control of Merchants and Farmers Bank, 1287 Stateline road, Southaven, DeSoto County, Mississippi, whose deposits were then insured by the Federal Deposit Insurance Corporation, and in committing said bank robbery did put in jeopardy the life of the bank employee by means of a dangerous weapon, that is a handgun; in violation of Title 18 of the United States Code Sections 2113(a) and (d).

COUNT FOUR

On or about June 25, 2008, in the Northern District of Mississippi, LARRY NORMAN, defendant, during and in relation to and in furtherance of a crime of violence, to-wit, the armed bank robbery of the Merchants and Farmers Bank, 1287 Stateline Road, Southaven, DeSoto County, Mississippi, did possess, carry, use and brandish a firearm, that is, a handgun; in violation of Title 18 United States Code, Section 924(c)(1)(A)(ii) and (C)(i).

Doc. 1.

Under a plea agreement, Count Four was dismissed, and Mr. Norman pled guilty to Counts One, Two, and Three. Doc. 36. The court imposed a sentence of a total of 300 months' incarceration – 216 months on Counts One and Three (served concurrently) and 84 months on Count Two (served consecutively to the sentence on Counts One and Three). Doc. 47.

Mr. Norman then filed a motion to vacate sentence under 28 U.S.C. § 2255, in which he presents the following claims for relief (which the court restates in the interest of brevity and clarity):

(1) He does not qualify as an Armed Career Criminal because the Tennessee statute used to qualify him as an Armed Career Criminal (Tenn. Code Ann. § 39-17-417(c)(2) has a broader definition than the term "controlled substance offense" under the United States Sentencing Guidelines § 4B1.2, citing *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2015). He argues that the element "knowingly" in his state convictions removes those convictions from consideration to determine career offender status.

(2) Bank Robbery under 18 U.S.C. § 2113(a) is not a crime of violence for the purposes 18 U.S.C. § 924(c)(3)(A) and (c)(3)(B), as those statutes are unconstitutionally vague, citing *Sessions v. Dimaya*, 584 U.S. __ (2018). In addition, the second paragraph of § 2113(a) renders the statute categorically broader than the term "crime of violence," citing *Mathis v. United States*, 136 S.Ct. 2243 (2016).

(3) The firearm charge under 18 U.S.C. § 924(c)(1)(A)(ii) and (C)(i) is invalid because there was no proof that anyone's life was in jeopardy and Mr. Norman did not put anyone in harm's way.

(4) The two-level enhancement for fleeing and eluding law enforcement is invalid because fleeing and eluding are not crimes of violence under the Armed Career Criminal Act (ACCA). Fleeing and eluding are not enumerated offenses, and the residual clause of the ACCA is unconstitutionally vague.

Doc. 58, 60, 65. Though his grounds for relief are not a model of clarity, it appears that Mr. Norman is attacking his § 924(c) conviction for brandishing a firearm during and in relation to armed bank robbery. He also challenges his designation as a career offender under the United States Sentencing Guidelines.

*Johnson Did Not Render 18 U.S.C. § 924(c) Unconstitutional*

Mr. Norman looks to the Supreme Court's decision in *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551 (2015) to support his § 2255 grounds for relief. He notes that the *Johnson* court held that the residual clause of the Armed Career Criminal Act (ACCA) found in 18 U.S.C. § 924(e) is unconstitutionally vague – and argues that the similarly worded residual clause of 18 U.S.C. § 924(c) must also be unconstitutional. He also argues that the language of the residual clause in the ACCA is the

same as the language in the Guidelines career enhancement, and, as such, fleeing and eluding a police officer is not a crime of violence under *United States v. Munoz-Navarro*, 803 F.3d 765 (5th Cir. 2015). These arguments are without substantive merit.

In *Johnson*, the Supreme Court examined the Armed Career Criminal Act (ACCA) which provides for an enhanced sentence of 15 years to life for an individual who is convicted of possessing a firearm and has three or more convictions for a serious drug offense or violent felony. ACCA defines "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year . . . that-
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. §924(e)(2)(B) (emphasis added).

The definition set forth in paragraph (i) is the "elements" clause. The non-italicized offenses listed in paragraph (ii) are the "enumerated offenses." The italicized words found in (ii) describing conduct that "presents a serious risk of physical injury to another" are the Act's "residual" clause. The *Johnson* court found this clause to be unconstitutionally vague in June of 2015. The Court found that the "indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Id.* at 2557. The Court specifically held, however, that its decision "does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.* at 2563.

In support of his motion, Mr. Norman argues that because a post-*Johnson* offense can only qualify as a crime of violence under ACCA if it is an enumerated offense or satisfies the elements clause, the same must be true for 18 U.S.C. § 924(c). He also argues that because the residual clause of § 924(c)

is similarly worded to § 924(e), it also must be struck down as unconstitutionally vague. He further asserts that his conviction for armed bank robbery does not satisfy the elements/force clause of § 924(c) and must be vacated. None of these arguments has merit.

First, the Supreme Court specifically declined to extend its holding in *Johnson* to automatically invalidate other similarly worded statutes. Instead, the Court held that its ruling would *not* necessarily render similarly worded statutes invalid:

> The Government and the dissent next point out that dozens of federal and state criminal laws use terms like "substantial risk," "grave risk," and "unreasonable risk," suggesting that to hold the residual clause unconstitutional is to place these provisions in constitutional doubt. *See post*, at 2558-2559. Not at all. Almost none of the cited laws links a phrase such as "substantial risk" to a confusing list of examples. . .. More importantly, almost all of the cited laws require gauging the riskiness of conduct in which an individual engages on a particular occasion. As a general matter, we do not doubt the constitutionality of laws that call for the application of a qualitative standard such as "substantial risk" to real-world conduct; "the law is full of instances where a man's fate depends on his estimating rightly . . . some matter of degree."

*Johnson v. U.S.*, 135 S.Ct. at 2561. This court may not extend *Johnson* in the very manner eschewed by the Supreme Court.

In addition, the residual clause of § 924(c) does not use the same language found in § 924(e) of the ACCA. The residual clause of § 924(c) describes a crime that "by its nature involves a substantial risk that physical *force* against the person or property of another may be used in the course of committing the crime" (emphasis added). This wording, which specifically asks a court to determine whether there is a substantial risk that physical force may be used against the person or property of another, does not call for the same type of speculation as that of ACCA – which required courts to determine if there was a "serious potential risk of physical injury" from a crime.

This court has addressed this issue and rejected application of *Johnson* to a defendant convicted of armed bank robbery and 924(c). In *United States v. Cosner*, 1:15CR0096-SA, 2016 WL 5108026

(N.D. Miss., September 20, 2016) at *2, the court considered these same arguments regarding application of *Johnson* and rejected them. "Cosner's underlying offense conviction under § 2113(a) and (d) qualifies as a crime of violence under the elements clause of § 924(c)(A) [even if] the residual clause of § 924(c) was unconstitutional under *Johnson*."

The Fifth Circuit has also recently denied authorization to Northern District petitioners to pursue successive 2255 motions based on *Johnson's* application to Section 924(c) convictions. See, *In re Andrews*, 16-60429 (5th Cir., September 29, 2016); *In re Gilliland*, 16-60430 (5th Cir., September 29, 2016) ("We have recently rejected Gilliland's argument that the holding in *Johnson* should be extended to his § 924(c) firearm convictions because § 924(c)(3) defines 'crime of violence' with language similar to what was found unconstitutionally vague in *Johnson*. *See In re Fields*, 826 F.3d 785, 786-87 (5th Cir. 2016)); *In re Hollowell*, 16-60429 (5th Cir., September 29, 2016); and *In re Jones*, 16-60429 (5th Cir., September 29, 2016)).

Indeed, several appellate courts have also found that the *Johnson* decision does not invalidate the residual clause of § 924(c) – or have declined to extend the *Johnson* holding to § 924(c). See, e.g., *United States v. Taylor*, 814 F.3d. 340, 376-78 (6th Cir. 2016) (providing a detailed explanation why *Johnson* does not invalidate the residual clause of § 924(c), outlining the important ways that the residual clauses of ACCA and § 924(c) differ); *United States v. Hill*, No. 14-3872-CR, 2016 WL 4120667, at *8-9 (2d Cir., Aug. 3, 2016) (holding § 924(c) is not void for vagueness); *United States v. Fox*, 15-11741, 2016 WL 3033067, at *2 (11th Cir 2016) (finding that *Johnson*'s reasoning regarding residual clause of ACCA did not clearly apply to §924(c)(3)(B) and noting *Johnson* did not clearly invalidate § 924(c)(3)(B)); and *United States v. Fuertes*, 805 F.3d 485, 499 n.5 (4th Cir. 2015) (explicitly declining to consider if *Johnson* invalidated § 924(c)(3)(B)).

Multiple district courts have similarly held. See, e.g., *United States v. Green*, CR RDB-15-0526, 2016 WL 277982, at *3 (D. Md., Jan. 22, 2016) (finding that the "Residual Clause" of §924(c) is not unconstitutionally vague in light of *Johnson* and differentiating the two clauses; *United States v. Prickett*, 3:14-CR-30018, 2015 WL 5884904, at*2-3 (W.D. Ark., Oct. 8, 2015) (explaining that §924(c)(3)(B) is the very type of statute that the *Johnson* court indicated would not be unconstitutionally vague), *aff'd*, 15-3486, 2016 WL 4010515 (8th Cir., July 27, 2016); *United States v. Walker*, 3:15CR49, 2016 WL 153088, at *9 (E.D. Va., Jan. 12, 2016) (declining to extend Johnson to Section § 924(c)(3)(B)); *United States v. Hunter*, 2:12CR124, 2015 WL 6443084, at *2 (E.D. Va., Oct. 23, 2015) (noting differences between the residual clauses of §924(e) and §924(c), and refusing to find from the record or Circuit precedent that the Supreme Court in *Johnson* intended to invalidate the residual clause of § 924(c)); and *United States v. Moore*, 3:03-CR-169, 2016 WL 126921, at *2 (S.D. Ohio, Jan. 12, 2016) (holding that "nothing in *Johnson* implies that § 924(c) is unconstitutional.")

*By Any Rational Measure, Armed Bank Robbery Is a Crime of Violence*

In addition to arguing that this court should extend *Johnson* and find that the residual clause of § 924(c) is also unconstitutional for vagueness, Mr. Norman also argues that armed bank robbery is not a crime of violence under the elements clause. In so arguing, Mr. Norman alleges that this court may not look at the facts of the instant case, but must apply a "categorical approach" as set forth in *Descamps v. United States*, ___ U.S. ___, 133 S.Ct. 2276, 2283 (2013), looking only to the statutory definition and elements of the offense as opposed to the underlying facts. Mr. Norman thus argues that this court should ignore the facts and evidence that were presented at the April 2012 plea hearing – over which the court presided – and instead restrict itself to a review of the bank robbery statute itself. Such an argument is wholly without merit.

As explained in *Johnson*, a court is required to use the categorical approach in determining *whether a past conviction counts as a predicate offense under the Armed Career Criminal Act*. This prevents courts from having "to reconstruct, long after the original conviction, the conduct underlying that conviction." *Johnson*, 135 S.Ct. at 2562 (citing *Taylor v. United States*, 495 U.S. 575, 599-602 (1990)). The requirement that courts use a categorical approach avoids the necessity of delving into and reconstructing facts on old convictions; it is not designed to permit a defendant to escape responsibility for – or examination of – his current actions.

As the court in *United States v. Prickett* explained:

> None of the concerns that led the *Taylor* Court to utilize, and the *Johnson* Court to maintain, the categorical approach in analyzing the ACCA residual clause are present when analyzing § 924(c)(3)(B). Rather than looking to past convictions, the Court looks to the evidence in this case, i.e., the underlying offense conduct, in applying § 924(c)(3)(B). The conduct in this case – to which *Prickett* has admitted – is based upon the factual basis in his plea agreement and the Presentence Investigation Report. Those facts are sufficient to meet the elements of the offenses charged in Counts 1 and 2 of the indictment. Therefore, the Court need not engage in a categorical analysis to ensure consistent application of §924(c)(3)(B).

*Prickett*, at *2; *see also United States v. Enriques*, ___ F.Supp.3d ___, 2016 WL 4273187 at *11 (D. Nebraska 2016) (reaching the same conclusion as *Prickett* and finding that where companion conviction is the predicate crime underlying §924(c), the district court need not look to statutory definition or apply categorical approach, but instead looks to defendant's underlying conduct).

This reasoning applies to the instant case. The court need not ignore the evidence it heard at the change of plea and sentencing hearings – and is outlined in the Presentence Report. Such a rule is irrational and ignores the very purpose for the categorical approach.

Larry Norman urges the court to apply the categorical approach to bolster his argument that armed bank robbery is not a crime of violence under the elements clause of § 924(c). He alleges that

because "*Johnson* rendered the residual clause unconstitutional," bank robbery can only be a crime of violence if it qualifies under the elements clause. He points out that the bank robbery statute provides that bank robbery can be committed through "force and violence, or by intimidation," and asserts that bank robbery cannot qualify under the elements clause since it can be committed "by intimidation." This argument ignores the plain language of the offense for which the defendant was convicted and prior court decisions which have held that armed bank robbery is, indeed, a crime of violence.

Mr. Norman was not charged merely with bank robbery under 18 U.S.C. § 2113(a), but armed bank robbery, under § 2113(a) *and* (d). Count one of the Indictment, to which he pled guilty, charges:

> On or about June 13, 2008, in the Northern District of Mississippi, LARRY NORMAN did take by force and violence and by intimidation from the person and presence of a bank employee approximately $10,000, belonging to and in the care, custody and control of Merchants and Farmers Bank, 1287 Stateline Road, Southaven, DeSoto County, Mississippi, whose deposits were then insured by the Federal Deposit Insurance Corporation, and in committing said bank robbery did put in jeopardy the life of the bank employee by means of a dangerous weapon, that is a handgun; in violation of Title 18 of the United States Code Sections 2113(a) and (d).

Doc. 1. This Count clearly alleges that Mr. Norman took money by force, violence and intimidation, *and* that he placed another's life in jeopardy using a dangerous weapon. These facts place the offense squarely within the elements clause of 18 U.S.C. § 924(c), which defines crime of violence as one having "as an element the use, attempted use, or threatened use of physical force against the person or property of another." Clearly, the taking of money by force, violence and intimidation from bank employees while placing their lives in jeopardy using a gun satisfies the elements clause of § 924(c) as it involves the use, attempted use or threatened use of physical force.

Multiple courts have held that bank robbery and armed bank robbery constitute crimes of violence under the elements clause of § 924(c). The Eleventh Circuit overruled a defendant's argument

that his convictions for bank robbery could not constitute a crime of violence under §924(c) in the wake of the *Johnson* holding:

> Sams has not made a prima facie showing for relief under *Johnson* as to his conviction under § 924(c). Sam's § 924(c) conviction was based on his companion conviction for bank robbery in violation of §2113(a) which requires that the defendant take the property of a bank "by force and violence, or by intimidation." We have concluded that an armed bank robbery conviction pursuant to § 2113(a) and (d) qualifies as a crime of violence because it requires as an element, "the use, attempted use, or threatened use of physical force against the person or property of another as set out in § 924(c)(3)(A). Additionally, as to the "by intimidation" language contained in § 2113(a), this Court has held that similar language still satisfies the § 924(c)(3)(A) use-of-force clause.
>
> While we have not directly held that a bank robbery conviction under only § 2113(a), rather than an armed bank robbery conviction under § 2113 (a) and (d), qualifies as a crime of violence under the § 924(c)(3)(A) use of force clause, the statutory language in § 2113(a) and our holdings in *Hines* and *Moore* make clear that such a conviction falls within the scope of the § 924(c)(3)(A) use of force clause.

*In Re Sams*, 2016 WL 3997213 *4 (11th Cir. July 26, 2016) (citations omitted); *see also In Re Hunt*, ___ F.3d ___, 2016 WL 3895246 at *1 (11th Cir. 2016) (holding armed bank robbery is a crime of violence under the elements clause of § 924(c)(3)); and *In Re Fleur*, ___ F.3d ___, 2016 WL 3190539 *3 (11th Cir. 2016) (noting that a conviction for Hobbs Act robbery clearly qualifies as a "crime of violence" under the force clause of § 924(c)(3)(A) because robbery means the unlawful taking of personal property from another against his will by actual or threatened force, violence, or fear of injury to his person or property, and therefore would be a crime of violence even if the residual clause of § 924(c)(3)(B) is found to be unconstitutional).

Similarly, the Fourth Circuit found that bank robbery under § 2113 (a) or (d) constitutes a crime of violence. In the case of *United States v. McNeal*, the Court considered *Johnson* challenges from two defendants who alleged that their convictions under 18 U.S.C. §924(c) for brandishing a firearm during a crime of violence should be set aside because armed bank robbery did not constitute a crime of violence. In analyzing the rule, the Fourth Circuit held:

> Our sister circuits have uniformly ruled that other federal crimes involving takings "by force and violence, or by intimidation," have as an element the use, attempted use, or threatened use of physical force. Earlier this year, for example, the Eighth Circuit concluded that robbery in the special maritime and territorial jurisdiction of the United States under 18 U.S.C. § 2111 satisfied the similarly worded force clause in the Armed Career Criminal Act ("ACCA"), because it required a taking "by force and violence, or by intimidation." The Second and Eleventh Circuit reached the same conclusion with respect to the carjacking statute.
>
> The logic of those decisions is straightforward. A taking "by force and violence" entails the use of physical force. Likewise, a taking "by intimidation" involves the threat to use such force. As the Seventh Circuit explained in its *Jones* decision, "there is no 'space' between 'bank robbery' and 'crime of violence' because "violence in the broad sense that includes a merely threatened use of force is an element of every bank robbery."
>
> ….
>
> Put succinctly, . . . Bank robbery under § 2113(a), "by force and violence," requires the use of physical force. Bank robbery under §2113 (a), "by intimidation" requires the threatened use of physical force. Either of those alternatives includes an element that is "the use, attempted use, or threatened use of physical force," and thus bank robbery under § 2113(a) constitutes a crime of violence under the force clause of § 924(c)(3).

*United States v. McNeal*, 818 F.3d 141, 153-54 (4th Cir. 2016) (citations omitted); *see also In re Hubbard*, ___ F.3d ___ 2016 WL 3181417 at *2 (4th Cir. 2016) (holding bank robbery supports a § 924(c) conviction); *United States v. McBride*, ___ F.3d ___,2016 WL 3209496 at *2 (6th Cir. 2016) (holding bank robbery by force and violence plainly involves "use, attempted use or threatened use of physical force," and a taking by intimidation under § 2113 involves the threat of use of physical force); *see also United States v. Green*, ___ F.Supp.3d ___, 2016 WL 277982 at *2-3 (D. Maryland 2016) (holding that armed bank robbery is a crime of violence under §924(c)(3)(A) and the residual clause found in § 924(c)(3)(B) is not unconstitutionally vague).

Mr. Norman relies upon cases that are either clearly distinguishable or inapplicable. First, he cites *In re Chance*, No. 16-13918-J, 2016 WL 4123844 (11th Cir. Aug. 2, 2016) which found that the defendant's sentence for carrying a firearm during and in relation to crime of violence was valid, but the

court would grant petitioner's request for authorization to file a successive motion to vacate his sentence based on his companion conviction for conspiracy to commit Hobbs Act robbery. This case is not relevant to Mr. Norman's claim.

Next Mr. Norman cites U*nited States v. Benally,* No. 14-10452, 2016 WL 4087768, at *1 (9th Cir. Aug. 1, 2016), in which the court vacated an involuntary manslaughter sentence and remanded to the district court for resentencing. The court stated:

> When determining the sentence for a predicate offense, no weapon enhancement can be applied if the defendant is also convicted of using a firearm in connection with a "crime of violence" under § 924(c). *See United States v. Aquino*, 242 F.3d 859, 864–65 (9th Cir. 2001). Having vacated the "crime of violence" conviction, we must remand to determine the effect, if any, of the firearm on the sentence for the predicate offense. *See United States v. Handa*, 122 F.3d 690 (9th Cir. 1997). Because the significance of the firearm is the only factor that may change as a result of this disposition, the district court should only consider whether the firearm's presence justifies a change in Benally's sentence.

This language applies to the sentencing of a *predicate offense*, not the sentence which included the 924(c) enhancement.

Mr. Norman then cites *In re Gomez*, No. 16-14104-J, 2016 WL 3971720, at 2 (11th Cir. July 25, 2016) which held:

> Because the jurors had multiple crimes to consider in a single count, so they could have convicted Gomez of the § 924(c) offense without reaching unanimous agreement on during which crime it was that Gomez possessed the firearm. Or, they could have unanimously agreed that he possessed a firearm at some point during the Hobbs Act conspiracy, but not during the drug trafficking crime. Either way, a general verdict of guilty does not reveal any unanimous finding by the jury that the defendant was guilty of conspiring to carry a firearm during one of the potential predicate offenses, all of predicate offenses, or guilty of conspiring during some and not others.

The present case has no such confusing language, which distinguishes it from *Gomez*.

Finally, Mr. Norman cites *United States v. Gardner* and *Shuti v. Lynch*. In *United States v. Gardner*, 823 F.3d 793 (4th Cir. 2016) the court held that the defendant's prior conviction for North

Carolina common law robbery did not qualify as "violent felony" under Armed Career Criminal Act (ACCA) but did not mention 924(c) under which Mr. Norman was sentenced. In *Shuti v. Lynch*, No. 15-3835, 2016 WL 3632539, at 8 (6th Cir. July 7, 2016) the court reiterated that it had already held that, "18 U.S.C. § 924(c)'s definition of crime of violence was not unconstitutionally vague. That conclusion, we think, makes perfect sense because the statute at issue in *Taylor* is a criminal offense and "creation of risk is an element of the crime." *See Johnson*, 135 S.Ct. at 2557. As the *Johnson* Court determined, laws that apply a qualitative risk standard to "*real-world facts* or *statutory elements*" are valid. *See id.* at 2557, 2561." (citation omitted) (emphasis added). The other cases Mr. Norman cites are similarly inapplicable to the present one. Mr. Norman's arguments are without substantive merit.

Mr. Norman Qualifies as a Career Offender

Mr. Norman argues that the government has not met the third prong of the U.S.S.G. 4B1.1 (a) because his previous drug offenses, convictions for Sale of a Controlled Substance-Cocaine (.6 grams), Delivery of a Controlled Substance (.4 grams), and Possession of a Controlled Substance with Intent to Deliver (5 grams) contain a mens rea element ("knowingly"). U.S.S.G. 4B1.1 (a) states:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Tennessee's Habitual Drug Offenders statute reads:

> (a) It is an offense for a defendant to knowingly:(1) Manufacture a controlled substance;(2) Deliver a controlled substance;(3) Sell a controlled substance; or (4) Possess a controlled substance with intent to manufacture, deliver or sell the controlled substance.

Tenn. Code Ann. § 39-17-417 (West).

Mr. Norman cites *Mathis v. United States* and other cases in support of his argument. In *Mathis v. United States*, 136 S. Ct. 2243, (2016), the Supreme Court held that a prior conviction for a predicate violent felony offense listed in the ACCA, referred only to the usual or generic versions and not to all variants of the offenses. An element of the crime of conviction is broader than an element of the generic offense when the crime of conviction enumerates various alternative factual means of satisfying a single element. It appears that Mr. Norman seeks to address the "knowingly" language included in the statute, arguing that such language differs from the generic definition of Controlled Substance offenses. It does not, however, enumerate various alternative factual means of meeting a single element. Norman's contrary argument is therefore without merit.

*Mr. Norman Was Properly Sentenced as a Career Offender
Based on His Criminal History, Existing Case Law, and Guideline Provisions*

Mr. Norman's criminal history clearly establishes his status as a career offender. In the Presentence Investigation Report, the Probation Service noted that Mr. Norman was convicted of three controlled substances offenses: Possession of a Controlled Substance with Intent to Deliver in 1995, Possession of a Controlled Substance in 2005, and Sale of a Controlled Substance in 2006. (PSR at ¶¶ 12, 21, 23). Put simply, the *Johnson* decision had no impact on the definition of § 924(e)(2)(A), as the Supreme Court specifically held that its decision "does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.* at 2563.

United States Sentencing Guideline § 4B1.1 provides for enhanced sentences for career offenders, providing that a defendant is a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

Even in the absence of the residual clause, Mr. Norman clearly qualifies as a Career Offender under the previous sentencing Guidelines and under the amended Guidelines that became effective on August 1, 2016. Mr. Norman was convicted in the present case of two armed bank robberies within days of each other. Evidence at the plea hearing established that he threatened the bank tellers with a pistol. Armed bank robbery has as an element the use, attempted use, or threatened use of violence, and the facts in the instant case support the court's finding that Mr. Norman committed the bank robberies by force, violence and intimidation, and placed in jeopardy the life of another with a weapon or destructive device. The crime of which he was convicted is clearly a crime of violence, whether looking at the statute categorically or the specific evidence presented to the court. The Career Offender provisions are clearly applicable, and Mr. Norman was sentenced accordingly.

*Mr. Norman Endangered the Life of a Law Enforcement Officer;*
*Thus, His Sentencing Score Was Properly Enhanced*

Mr. Norman finally argues that his sentence was incorrectly enhanced two levels for fleeing and eluding a law enforcement officer because U.S.S.G. 3C1.2, too, uses similar language to the invalidated residual clause of the ACCA. U.S.S.G. 3C1.2 gives the following definition for Reckless Endangerment During Flight:

> If the defendant recklessly *created a substantial risk of death or serious bodily injury* to another person in the course of fleeing from a law enforcement officer, increase by 2 levels.

(emphasis added). Mr. Norman fled the scene to avoid arrest, causing a head-on collision with a patrol car occupied by a law enforcement officer. (PSR ¶¶ 29). Thus, in fleeing, he recklessly endangered the lives of the officer and other drivers in the area. As the Supreme Court held in *Johnson,* the invalidity of the residual clause in § 924(e) does not automatically invalidate

similar language in the Guidelines. For the reasons set forth above, the two-level enhancement for fleeing and eluding law enforcement officers was proper.

*Conclusion*

In sum, none of Mr. Norman's grounds for relief has merit, and the instant motion to vacate, set aside, or correct sentence will be denied. A final judgment consistent with this memorandum opinion will issue today.

SO ORDERED, this, the 26th day of March, 2019.

    /s/ Sharion Aycock
U. S. DISTRICT JUDGE